IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


NANCY STEINER,  CV. 05-809-AS
        Plaintiff,

OPINION AND ORDER

v.

TILLAMOOK COUNTY, and
WILLIAM CAMPBELL, an individual,
        Defendants.

---

ASHMANSKAS, Magistrate Judge:

    Plaintiff filed this action against Tillamook County and William Campbell, an employee of Tillamook County. Against the County, plaintiff has alleged claims for violation of the Family Medical Leave Act, 29 U.S.C. 2601 *et seq.*, violation of the Oregon Medical Leave Act, O.R.S. 659A.150 *et seq.*, and Intentional Infliction of Emotional Distress. Against Campbell, plaintiff has also alleged a claim for Intentional Infliction of Emotional Distress. Defendants Tillamook County and William Campbell have brought two motions under Fed. R. Civ. P. 12(B)(6) against plaintiff's Complaint. First, defendants have moved to substitute the County as

the sole defendant in plaintiff's Intentional Interference claim against Campbell arguing that, under the Oregon Tort Claims Act, Campbell is not a proper defendant because he is a public officer and was acting in the course and scope of his employment. Second, defendants have moved against both of plaintiff's Intentional Infliction of Emotional Distress claims, arguing that the alleged acts do not rise to the level of outrageous or socially intolerable conduct and, therefore, are not actionable. For the reasons that follow, defendants' Motion to Dismiss is denied.

## MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) will only be granted if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Gibson v. United States, 781 F.2d 1334, 1347 (9th Cir. 1986), *cert. denied*, 479 U.S. 1054 (1987). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. Cassettari v. Nevada County, Cal., 824 F.2d 735, 737 (9th Cir. 1987). The court need not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations. Western Min. Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

## FACTS

Plaintiff has been employed by Tillamook County since 1974. In the fall of 2004, plaintiff went on family medical leave for extreme emotional distress and mental health problems. Prior to taking leave, plaintiff's position was Building Official. While plaintiff was on leave, however, the County hired a full-time replacement Building Official. When plaintiff

returned to work in December 2004, the County did not reinstate plaintiff to the Building Official position.

Defendant Campbell is also an employee of Tillamook County, and is plaintiff's supervisor. Prior to plaintiff's leave, Campbell subjected plaintiff to "pervasive harassment and abuse." Complaint at ¶ 40. After plaintiff returned to work, Campbell continued to harass and verbally abuse plaintiff. In addition, plaintiff has alleged that Campbell refused to give plaintiff work, repeatedly belittled plaintiff in front of other employees and members of the community, has refused to respond to plaintiff's questions regarding her job status, and has treated plaintiff with complete disrespect. Plaintiff alleges that Campbell acted at times as an employee of the County, and at times outside the course and scope of his employment.

## DISCUSSION

### Oregon Tort Claims Act

Under the Oregon Tort Claims Act (OTCA), the sole cause of action for any tort of officers, employees or agents of a public body acting within the scope of their employment shall be an action against the public body:

> [E]very public body is subject to action or suit for its torts and those of its officers, employees and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function or while operating a motor vehicle in a ridesharing arrangement authorized under ORS 276.598. The sole cause of action for any tort of officers, employees or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification under ORS 30.285 or 30.287 shall be an action against the public body only. The remedy provided by ORS 30.260 to 30.300 is exclusive of any other action or suit against any such officer, employee or agent of a public body whose act or omission within the scope of their employment or duties gives rise to the action or suit. No other form of civil action or suit shall be

Page 3 - FINDINGS AND RECOMMENDATION

> permitted. If an action or suit is filed against an officer, employee
> or agent of a public body, on appropriate motion the public body
> shall be substituted as the only defendant.

O.R.S. § 30.265(1). The OTCA's definition of public body" includes counties. O.R.S. § 30.260(4)(b).

In determining whether the defendant's actions fall within the scope of his employment, the following factors are considered: (1) whether the act occurred substantially within the time and space limits authorized by the employment; (2) whether the employee was motivated, at least partially, by a purpose to serve the employer; and (3) whether the act is of a kind which the employee was hired to perform. Brungardt v. Barton, 69 Or. App. 440, 443 (1984) (citing Stanfield v. Laccoarce, 284 Or. 651, 655 (1978)). "Whether a particular act is within the scope of employment is to be decided on its own particular facts and circumstances by the trier of fact." Id.

Defendants argue that Tillamook County must be substituted in as the only defendant because the facts alleged confirm that Campbell was acting in the course and scope of his duty. Plaintiff argues, and this court agrees, that the allegations include actions by Campbell harassing and verbally abusing plaintiff both at work and in the community. For example, plaintiff alleges that Campbell "has refused to give her work, taken all responsibility from her, made false allegations regarding her qualifications, belittled her, disrespected her, and treated her differently than other County employees, both at work and in the community." Complaint at ¶ 24. Plaintiff also alleges that Campbell harassed and verbally abused plaintiff. Complaint at ¶ 41. The Complaint does not allege the context in which this harassment and abuse occurred. However, such specificity is not required. Under the liberal system of notice pleading, a federal claimant is

not required to set out in detail the facts upon which he or she bases a claim. Lee v. City of Los Angeles, 250 F.3d 668 (9th Cir. 2001) (citing Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993)). Plaintiff is required only to set forth a short and plain statement of the claim that will put the defendant on notice of what plaintiff's claim is and the grounds upon which it rests. Id. (citing Leatherman, 507 U.S. at 168); Fed. R. Civ. P. 8.

Because the defendants have filed a motion to dismiss, the court must view the facts in the light most favorable to the plaintiff. In that light, the court is unable to conclude as a matter of law that the plaintiff could prove no set of facts to support an individual claim against Campbell. Accordingly, the motion to dismiss is denied.

Defendants point out that plaintiff filed a similar claim against Campbell in State court, and that the State court judge ordered that the County be substituted in as the only defendant. Because State and federal courts are subject to different rules of procedure, and specifically different rules governing pleading specificity, the State court's decision is not conclusive for purposes of this motion.

Intentional Infliction of Emotional Distress

In order to state a claim for Intentional Infliction of Emotional Distress, plaintiff must allege the following elements: (1) "the defendant intended to inflict severe emotional distress on the plaintiff"; (2) "the defendant's acts were the cause of the plaintiff's severe emotional distress"; and (3) the "defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct." McGanty v. Staudenraus, 321 Or. 532, 543 (1995).

Defendants argue that plaintiff's claim should be dismissed because the conduct alleged

Page 5 - FINDINGS AND RECOMMENDATION

does not constitute an extraordinary transgression of the bounds of socially tolerable conduct. Plaintiff argues that Campbell's conduct taken as a whole does rise to the level of actionable behavior. The determination of whether the alleged conduct is an extraordinary transgression of the bounds of socially tolerable conduct is initially a question of law for the courts. Delaney v. Clifton, 180 Or. App. 119, 129 (2002).

"Whether the conduct alleged is sufficiently extreme or outrageous to be actionable is a fact-specific inquiry, one to be made on a case-by-case basis considering the totality of the circumstances." Delaney v. Clifton, 180 Or. App. 119, 130 (2002). Socially intolerable conduct is "conduct that is outrageous in the extreme." Watte v. Edgar Maeyens, Jr., M.D., P.C., 112 Or. App. 234, 239 (1992). Racial and ethnic slurs can be socially intolerable. Lathrope-Olson v. Dept. of Transportation, 128 Or. App. 405, 408 (1994). Likewise, language used to sexually harass has also been determined to be socially intolerable. Id. "Conduct that is merely "rude, boorish, tyrannical, churlish and mean," however, does not satisfy that standard. Watte v. Edgar Maeyens, Jr., M.D., P.C., 112 Or. App. 234, 239 (1992) (quoting Patton v. J.C. Penney Co., 301 Or. 117, 124(1986)).

In addition to the content of the statements, the court will also consider the context, the frequency of the statements, and the existence of any special relationship, including an employer and employee relationship, between the parties. Harris v. Pameco Corp., 170 Or. App. 164, 171 (2000).

Defendants argues that plaintiff's allegations are similar to those in Snyder v. Sunshine Dairy, 87 Or. App. 215 (1987), and Petty v. Rogue Federal Credit Union, 106 Or. App. 538 (1991). In Snyder, the court held that excessive supervision and unjustified reprimands do not

constitute outrageous or socially intolerable behavior. 87 Or. App. at 218. In Petty, the court held that assigning an employee to a position that guaranteed her failure did not constitute outrageous or socially intolerable behavior. 106 Or. App. at 543. The court specifically noted in Petty that there was no evidence of abusive tactics, threats, or raised voices. Id.

Here, the Complaint contains allegations of verbal abuse and harassment. The Complaint does not specify what Campbell said to or about plaintiff, how often Campbell made abusive statements, the context in which such statements were made, or whether Campbell's harassment included physical intimidation or other non-verbal threats. As noted above, that type of specificity is not required under federal notice pleading.

At oral argument defense counsel cited to Robinson v. U.S. Bancorp, 2000 WL 435468 (D. Or.), where Magistrate Judge Stewart granted US Bancorp's Motion to Dismiss Robinson's Intentional Infliction of Emotional Distress claim. In her opinion, Judge Stewart set forth the factual allegations in the Robinson complaint and stated that, "[t]hese allegations go far beyond the minimal amount necessary to satisfy the notice pleading requirements in FRCP 8." Id. at *7. During oral argument, Robinson had acknowledged that her complaint contained all of the facts of which she was aware that caused her emotional distress. Id. Judge Stewart therefore dismissed the case, noting that a motion to dismiss is appropriate where all of the factual information can be gleaned from the complaint:

> "If Robinson had only pled the "bare bones" elements of the tort as required by FRCP 8, then she clearly would state a claim, and any motion to dismiss the IIED claim would be fruitless. Instead, she went farther and pled numerous facts to support her IIED claim.
>
> By doing so, she opened the door for a motion to dismiss under FRCP 12(b)(6) against her claim."

Page 7 - FINDINGS AND RECOMMENDATION

Id.

Here, the Complaint does not contain the level of factual detail found in the Robinson complaint. Under the allegations set forth in plaintiff's Complaint, the court cannot say that the plaintiff would be unable to prove any set of facts that would rise to the level of outrageous or socially intolerable behavior. Defendants' motion is therefore denied.

CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss (No. 3) is Denied.

Dated this 23rd day of August, 2005.

                                        /s/ Donald C. Ashmanskas
                                        Honorable Donald C. Ashmanskas
                                        U.S. Magistrate Judge