IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NANCY STEINER,

    Plaintiff,

    vs.

TILLAMOOK COUNTY and
WILLIAM CAMPBELL,

    Defendant

CV 05-809-AS

OPINION AND ORDER

DANIEL W. DICKERSON
MATTHEW A. ARBAUGH
Daniel W. Dickerson, P.C.
918 Oregon National Bldg.
610 S.W. Alder St.
Portland, OR 97205
(503) 274-2924

    Attorneys for Plaintiff

JAMES P. MARTIN
KARI A. FURNANZ
HOFFMAN, Hart & Wagner, LLP
Twentieth Floor
1000 S.W. Broadway
Portland, OR 97205
(503) 222-4499

    Attorneys for Defendants

1  -  OPINION AND ORDER

ASHMANSKAS, Magistrate Judge.

This matter is before the court on the Motion for Summary Judgment (doc. 38) of Defendants Tillamook County and William Campbell. For the reasons that follow, defendants' motion is **GRANTED.**

Plaintiff Nancy Steiner brings claims against Defendant Tillamook County for interference with her exercise of rights granted under the Federal Family Medical Leave Act, 29 U.S.C. § 2615(a)(1) and its Oregon counterpart, the Oregon Family Leave Act, O.R.S. 659A.150, retaliatory termination under 29 U.S.C. § 660(c), and discrimination based on hostile work environment and age/gender discrimination under O.R.S. 659A.030. Plaintiff also brings a claim against both Tillamook County and defendant William Campbell for intentional infliction of emotional distress

Plaintiff concedes she fails to state a claim against Defendant Campbell for intentional infliction of emotional distress and against Defendant County for retaliatory discrimination under 29 U.S.C. § 660(c), and consents to dismissal of those claims. Plaintiff opposes the remainder of Defendant County's motion.

## FACTUAL BACKGROUND

The following fact are undisputed, or if disputed with admissible evidence, are viewed in the light most favorable to plaintiff, as the non-moving party.

Plaintiff has worked for defendant Tillamook County since 1974 in a variety of jobs. She began working as the county's Building Official in 1982. At all times during her employment, plaintiff was an at-will employee.

Despite repeated requests over the years by her supervisors, plaintiff never obtained an A-level fire and safety certification, which would have authorized her to inspect more buildings.

Plaintiff stated she "wasn't comfortable with an A-level certification" because it was "very difficult work."

Defendant Campbell became plaintiff's supervisor the year before he wrote his first performance evaluation of her in June 2003. In the fall of 2003, Campbell was dissatisfied with plaintiff's performance, including her unwillingness to obtain A-level certification, and the manner in which she handled personnel issues. Campbell placed her on a work plan that required her, *inter alia,* to obtain the A-level certification.

Plaintiff, in turn, was critical of Campbell's management decisions, and by late 2004, wished Campbell no longer was in the department.

In September 2004, plaintiff took family medical leave, asserting she was suffering from extreme emotional distress and mental health problems.

At the outset, plaintiff's medical leave was for an indeterminate period. The County, therefore, declared an emergency because of the number and nature of the building permits then pending, and contracted with Winstead & Associates to perform the Building Official duties for the period from October 2004-July 2005. Campbell concedes he never intended for plaintiff to continue performing the functions of Building Official when she returned from leave because of her lack of A-level certification. Campbell, however, did not change the Building Official job description to include an A-level certification requirement. Plaintiff's anxiety disorder was not a factor in the decision not to have her perform the functions of Building Official.

/ / /

/ / /

3  -  OPINION AND ORDER

Plaintiff returned to work in December 2004.[1] Her pay rate remained the same and she retained the job title, if not the duties, of Building Official. Plaintiff was offered but declined a different position with the County at the same rate of pay.

In light of his concerns regarding plaintiff's job performance, Campbell hired Peggy Collins, an outside investigator to review plaintiff's job performance. Plaintiff objected to an outside investigation but had no reason to believe Collins was not fair-minded. Plaintiff believed Campbell should have conducted the investigation, even though plaintiff had already filed a harassment claim against him. Plaintiff acknowledged that she would have probably considered any recommendation by him to terminate her employment to be retaliatory.

Plaintiff contends Campbell took adverse employment actions against her because he did not like her. Plaintiff also believes Campbell harassed her because she is a female, and because of her age. On one occasion and possibly on another, Campbell admits he called her an "old battle ax." Campbell was disciplined for making the comment.

Plaintiff never saw Campbell treat any other employee in the same "discriminatory" manner he allegedly treated her.

The County terminated plaintiff's employment several months after she returned from family medical leave.

## SUMMARY JUDGMENT STANDARD

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any

---

[1] Steiner states in her affidavit in opposition to the pending motion that she took family medical leave from September to December 2005. That date is a typographical error, because the Amended Complaint in this action was filed in June 2005 and all the evidence reflects plaintiff took medical leave in fall 2004.

material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id*.

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id*.

A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir. 2005) (citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)). The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id*.

## DISCUSSION

**1.    Federal Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*.**
**Oregon Family Leave Act (OFLA), O.R.S. 659A.150, *et seq*.**

Under FMLA, 29 U.S.C. § 2615(a)(1), an employer may not interfere with an employee who takes leave protected by FMLA. *See Bachelder v. Am. West Airlines, Inc.,* 259 F.3d 1112, 1125 (9th Cir. 2001). Likewise, the Oregon Court of Appeals has held an employer may not retaliate against

5 - OPINION AND ORDER

an employee who takes leave protected by OFLA. *Yeager v. Providence Health Sys. of Or.,* 195 Or. App. 134, 139 (2004). Whenever possible, OFLA claims are to be construed consistent with similar provisions of FMLA. *See* O.R.S. § 659A.186(2).

Retaliation for taking medical leave is considered "interference" with the "exercise of rights" under FMLA, § 2915(a)(1), rather than "discrimination" for opposing a practice made unlawful under § 2915(a)(2). *Bachelder, id.* at 1125. Where, as here, plaintiff's theory of liability is based on interference, the traditional *McDonnell-Douglas* burden-shifting analysis does not apply. *Id.* ("[The plaintiff] need only prove by a preponderance of the evidence that her taking of FMLA-protected leave constituted a negative factor in the decision to terminate her. She can prove this claim, as one might any ordinary statutory claim, by using either direct or circumstantial evidence, or both.)." *Id.*

Plaintiff contends she was stripped of her duties and authority as a Building Official and was not provided with a job using the same or similar skills in retaliation for her taking medical leave. She contends that although she was returned to a job titled Building Official, the job did not have the duties or require the skills of the position she held before she took the medical leave.

There is no genuine issue of material fact, however that: (1) plaintiff failed to obtain A-level certification, which would have made her more effective in her job, despite repeated requests for her to do so by different supervisors dating back to 1991; (2) plaintiff had been subject to criticism of her job performance by her supervisor, Campbell, for more than a year before she took medical leave; (3) after plaintiff began her medical leave, which was for an indeterminate period, the County declared an emergency because of the number and nature of the permits then pending, and contracted with an outside agency to perform the Building Official duties; (4) plaintiff received the same pay

and benefits on her return from medical leave as she had received before she took the leave, even though she did not resume her Building Official duties; and (5) plaintiff was an at-will employee who was terminated following an independent investigation of her job performance as the County's Building Official.  Finally, plaintiff acknowledges that she believes Campbell allegedly behaved poorly towards her because he disliked her.

On this evidentiary record, the only connection between plaintiff's medical leave and her subsequent termination is proximity in time.  Under certain circumstances such close proximity between the adverse employment action and the taking of medical leave may create a genuine issue of material fact as to motive that is sufficient to defeat summary judgment in favor of the employer. *See e.g. Reid v. Smithkline Beecham Corp.,* 366 F. Supp.2d 989, 998 (S.D. Cal. 2005)(One week after the employee returned from pregnancy medical leave, her immediate supervisor informed her, in response to her request to be excused from certain duties, that "they feel you have already had enough time off.").

Here,  however, the evidence is undisputed that plaintiff had not performed well at her job long before she applied for and was granted medical leave, and had refused repeatedly to upgrade the certifications necessary for her to be more effective in her job.  In addition, when she returned to work following her medical leave, she refused another job at the same rate of pay.  She was terminated following an independent investigation by a "fair-minded" outsider.

For these reasons, I find no genuine issue of material fact exists that defendant County interfered in plaintiff's exercise of her rights under FMLA or OFLA and, therefore, I conclude that the County is entitled to summary judgment on these claims.

/ / /

**2.     Oregon Employment Discrimination.**

Plaintiff alleges defendant County discriminated against her under Oregon law by maintaining a hostile work environment and engaging in unlawful age and gender discrimination in violation of O.R.S. 659A.030.

a. Hostile Work Environment.

Plaintiff alleges that, on account of her age and gender, the County discriminated against her regarding the terms and conditions of her employment in violation of O.R.S. 659A.030(1)(b) by maintaining a hostile and intimidating work environment. In particular, plaintiff asserts the County: (1) failed to discipline, reprimand, and/or terminate her supervisor, William Campbell; and (2) facilitated Campbell's continuing harassment of her by allowing him to treat her in a rude and angry manner and make repeated unsubstantiated allegations of insubordination against her.

To survive summary judgment on this claim, plaintiff must offer evidence sufficient to create a genuine issue of material fact that Campbell subjected her to unwelcome verbal or physical conduct because of her age and/or gender that was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment.

The parties agree that Oregon's standards for establishing a *prima facie* case of discrimination based on a hostile work environment are the same as the federal standards. *See Bahri v. Home Depot USA, Inc.,* 242 F. Supp. 2d 922, 950 (D. Or. 2002):

> To establish a gender discrimination claim based upon a hostile work environment, [plaintiff] must show that "1) she was subjected to verbal or physical conduct of a sexual nature, 2) this conduct was unwelcome, and 3) this conduct was 'sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment.' " *Fuller v. City of Oakland,* 47 F.3d 1522, 1527 (9th Cir.1995) (internal quotations and citation omitted). The workplace must be both subjectively and objectively

> abusive. *Id.* Whether the workplace is subjectively abusive depends on the plaintiff's perspective and whether the plaintiff indicated that the conduct was unwelcome. *See Nichols v. Azteca Rest. Enters., Inc.,* 256 F.3d 864, 873 (9th Cir. 2001). Whether the workplace is objectively abusive is evaluated "from the perspective of a reasonable person with the same fundamental characteristics" as the plaintiff. *Fuller,* 47 F.3d at 1527. This inquiry turns on several factors including "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. *Nichols,* 256 F.3d at 872, quoting *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 23, (1993).

The only specific verbal utterance Campbell made to or about plaintiff that conceivably fits within an "age" or "gender" category is his statement to plaintiff in front of a co-worker, and possibly repeated on another occasion to other co-workers, that she was an "old battle-ax."

I find plaintiff has failed to present evidence of conduct by Campbell relating to plaintiff's age or gender that was tolerated by the County, and that objectively was sufficiently repetitive, pervasive, offensive, humiliating, or threatening, to interfere with plaintiff's work performance and, thus, constitute a *prima facie* case of discrimination based on a hostile work environment.

Although plaintiff states that Campbell's treatment of her worsened after he made the "battle-ax" comments to the extent that she was unable to perform her job duties "due to [Campbell's] constant interference with her management of the County's Building Department," plaintiff offers no evidence that the interference was related to plaintiff's age or gender.

Accordingly, I find plaintiff has failed to establish a genuine issue of material fact exists to support her Oregon law claim of unlawful discrimination based on a hostile work environment and, therefore, I conclude that the County is entitled to summary judgment.

<u>Age and Gender Discrimination</u>.

Plaintiff relies on the same evidence offered in support of her hostile work environment claim

9  -  OPINION AND ORDER

to establish a *prima facie* case of discrimination based on age and gender against the County.  For the reasons stated above, I find the evidence is insufficient to establish that a genuine issue of material fact exists to support that claim and, therefore, I conclude that the County is entitled to summary judgment.

**3.      Intentional Infliction of Emotional Distress.**

Plaintiff asserts the County "failed to control or modify [Campbell's] behavior" and, "in effect, sanctioned the discriminatory treatment," which included "repeatedly disparag[ing] her professionally," and "constantly interfer[ing] with her ability to conduct her job duties by canceling meetings, disrupting meetings, belittling [plaintiff] in front of employees, subjecting her to unwanted criticism on her performance, and undermining her management abilities." Plf.'s Resp., p. 6.

To avoid summary judgment in defendant County's favor on her claim for intentional infliction of emotional distress, plaintiff must offer facts sufficient to establish a genuine issue of material fact exists that the County:  (1) intended to inflict severe emotion distress; (2) caused severe emotional distress; and (3) in doing so, engaged in conduct constituting an extraordinary transgression of the bounds of socially tolerable conduct." *Sheets v. Knight,* 308 Or. 220, 236 (1989).  Whether conduct constitutes an extraordinary transgression of the bounds of socially tolerable conduct is a question of law. *Harris v. Pameco Corp.,* 170 Or. App. 164, 171 (2000).  The conduct must be "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Christofferson v. Church of Scientology,* 57 Or. App. 203, 211 (1982), *rev. den.* 293 Or. 456 (1982), *cert. denied* 459 U.S. 1206 (1983).

I find plaintiff has failed to offer sufficient evidence to establish a genuine issue of material

10 -   OPINION AND ORDER

fact exists that the County's conduct was improper at all, let alone went "beyond all possible bounds of decency" and/or was "atrocious" or "utterly intolerable in a civilized society."

Accordingly, I conclude defendant County is entitled to summary judgment on plaintiff's claim of intentional infliction of emotional distress.

## **CONCLUSION**

For the reasons stated above, the court **GRANTS** the Motion for Summary Judgment (doc. 38) of Defendant Tillamook County and Defendant William Campbell.

IT IS SO ORDERED.

DATED this 9th day of May, 2007.

    /s/Donald C. Ashmanskas
DONALD C. ASHMANSKAS
United States Magistrate Judge

11 -  OPINION AND ORDER